**SO ORDERED.**

**SIGNED this 07 day of May, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

EASTHAVEN MARINA GROUP, LLC          Case No. 08-05453-8-JRL
                                                              Chapter 11
        Debtor.
_____

ORDER

This matter came before the court on the objection to the claim of David L. Dickey. The court conducted a hearing on this matter on April 21, 2009, in Wilmington, North Carolina.

BACKGROUND

Easthaven Marina Group, LLC (the "debtor"), filed its Chapter 11 petition on August 13, 2008. The debtor's schedules listed an unsecured claim of David L. Dickey ("Dickey") in the amount of $26,000.00. A check for that amount was executed on August 7, 2008, payable to David White ("White"), the debtor's principal. The funds were purportedly loaned for the purpose of paying the debtor's attorney fees and other legal expenses. On or about August 28, 2008, Dickey instructed his son to draft a promissory note as evidence of the loan. The promissory note identified the borrower as "Easthaven Marina Group, LLC and/or David White." Both the debtor and White signed the promissory note.

B&M Holdings, LLC ("B&M"), a creditor of the debtor, contended that the $26,000.00 was a personal loan to White which was unenforceable against the debtor.   The debtor responded that Dickey intended to make and did make a loan for the benefit of the debtor; and, therefore, maintains an allowable claim. This court must determine whether the claim of Dickey is an allowable claim within the debtor's bankruptcy case.

## DISCUSSION

Section 502 of the Bankruptcy Code states that if an objection to claim is made the court shall determine the amount of such claim and shall allow the claim, except to the extent that the claim was unenforceable upon the date of the filed petition. 11 U.S.C. §502(b).  "Claims that are unenforceable against the debtor or against property of the debtor . . . are simply not allowable for purposes of a right to share in a distribution of the debtor's assets." 4 Collier on Bankruptcy (15th ed. rev.) ¶ 502.03[2][b][iii].

At the hearing, Dickey asserted that when the cashiers check was cut, he knew the money was for one of the entities managed by White.  While initially unsure of the entities' exact name, Dickey knew for certain that the funds were for the particular Easthaven entity filing a Chapter 11 bankruptcy case.  When asked directly what his answer would have been on August 13, 2008, if asked who owed him $26,000.00, Mr. Dickey responded, "It was to Easthaven and Mr. White."         Based on the foregoing, the objection to claim is OVERRULED.

END OF DOCUMENT